Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8403 | **DATE** | 5/13/2003 |
| **CASE TITLE** | Sitrick vs. DreamWorks, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, defendants' motion to transfer venue to the Central District of California is GRANTED [25-1].

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 14 2003 date docketed | 36 |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| klb (lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID H. SITRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 8403 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| DREAMWORKS L.L.C., NEW LINE ) | |
| PRODUCTIONS, INC., NEW LINE HOME ) | |
| ENTERTAINMENT, INC., WARNER ) | |
| MUSIC GROUP, INC., WARNER BROS. ) | |
| RECORDS, INC., WARNER-ELEKTRA- ) | |
| ATLANTIC CORPORATION, and ) | DOCKETED |
| WARNER HOME VIDEO, d/b/a WARNER ) | MAY 1 4 2003 |
| REPRISE VIDEO ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, David H. Sitrick ("Sitrick"), brought this patent infringement action against seven defendants, Dream Works L.L.C. ("DreamWorks"); New Line Productions, Inc. and New Line Home Entertainment, Inc. (collectively "New Line"); and Warner Music Group Inc., Warner Bros. Records, Inc., Warner-Elektra-Atlantic Corporation, and Warner Home Video (collectively "Warner"). Sitrick alleges infringement of U.S. Patent Nos. 5,553,864 and 6,425,825 ("patents in suit"). Before this court is defendants' motion, pursuant to 28 U.S.C. § 1404(a), to transfer venue from the Northern District of Illinois to the Central District of California. For the reasons set forth below, the motion is granted.

I. Factual Background



Plaintiff, Sitrick, is an individual residing in Highland Park, Illinois. Sitrick is an inventor and owner of several patents relating to musical composition communications and display systems and the integration of electronic data representing an audio signal or visual image into a preexisting audiovisual work.

DreamWorks is a limited liability company organized under Delaware law, and has its principal offices in Glendale, California. DreamWorks is engaged in producing motion pictures and distributing and licensing prints of its films for exhibition throughout the United States. DreamWorks also distributes, leases and sells copies of its films on video tape and DVD.

Among the motion pictures produced and distributed by DreamWorks are *Shrek* and *Spirit: Stallion of the Cimarron* ("*Spirit*"). The DVD versions of *Shrek* and *Spirit* include features known as "ReVoice Studio" and "Make a Movie," respectively. Those features allow purchasers, using a computer, to combine their own voice or images with pre-existing video images stored on the DVD.

The New Line defendants are New York corporations with places of business in New York and Los Angeles. Like DreamWorks, New Line produces motion pictures, distributes and licenses those pictures for movie theater exhibition, and also distributes and sells copies of its films on DVD and video tape throughout the United States. In December 2002, New Line began the distribution of the DVD version of *Austin Powers in Goldmember* ("*Goldmember*"). Like *Shrek, Goldmember* includes the "ReVoice Studio" feature that allows user created audio to be inserted into the movie in place of selected portions of the soundtrack of the movie.

The Warner defendants are, except for Warner Home Video, corporations formed under the laws of Delaware and New York. Three of the Warner defendants have principal places of

business in New York City. All the Warner defendants have offices in California as well. Warner is engaged in the business of developing musical artists and distributing recorded musical works on CDs and DVDs. One such DVD, entitled *Barelaked Nadies* by the musical group Barenaked Ladies, includes the "ReVoice Studio" feature.

Sitrick alleges that the "ReVoice Studio" feature and the "Make a Movie" feature infringe the patents in suit. The selection, design, development and implementation of all four titles occurred mainly in California and partially in other United States locations and in the United Kingdom. Synchro Arts, a company in the United Kingdom, introduced and demonstrated the "ReVoice Studio" feature to DreamWorks, New Line, and Warner on different occasions in Los Angeles.

II. Standard

A motion to transfer is governed by 28 U.S.C. § 1404(a). Under 1404(a), a federal district court may "for the convenience of the parties and witnesses and in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1414(a); Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). Venue in patent infringement actions is controlled by 28 U.S.C. § 1400(b), which provides "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

A section 1404(a) transfer is appropriate only where "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of

-3-

justice." United Air Lines, Inc. V. Mesa Airlines, Inc., 8 F.Supp.2d 796, 798 (N.D. Ill. 1998). Since determining whether transfer is appropriate "involves a large degree of subtlety and latitude," and is made on a case-by-case basis, it is therefore "committed to the sound discretion of the trial judge." Coffey, 796 F.2d at 219; Amoco Oil Co. V. Mobil Oil Corp., 90 F.Supp.2d 958, 959 (N.D. Ill. 2000).

To aid the trial judge in determining the final element of the § 1404(a) analysis, the party seeking to transfer venue "has the burden of establishing, by reference to particular circumstances, that the transfer forum is clearly more convenient" than the transferor court. Coffey, 796 F.2d at 219-20. In making a transfer determination, the court must consider both the private interest of the parties and the public interests of the Court. Medi USA v. Jobst Inst., Inc., 791 F.Supp. 208, 210 (N.D. Ill. 1992). Factors for the court to consider in assessing private interests include: (1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease and access to sources of proof, (4) the convenience of the parties and (5) the convenience of the witnesses. Amoco Oil, 90 F.Supp.2d at 960. Public interest factors or interests of justice "relate to the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." VonHoldt v. Husky Injecting Molding System Ltd., 887 F.Supp. 185, 188 (N.D. Ill. 1995). These interests of justice "may be determinative in a particular case, even if the parties and witnesses might call for a different result." Coffey, 796 F.2d at 220.

III. Discussion

As a threshold matter, Sitrick contends that this motion should be denied because it is not apparent that one of the seven defendants "maintains a presence in Los Angeles." See, Sitrick's

Opposition ("Sitrick's Opp.") at 7. Contrary to Sitrick's assertion, the specified defendant, Warner Music Group, Inc. ("WMG"), maintains an extensive presence in Los Angeles. About 65% of WMG's 622 U.S. employees are located in Los Angeles. WMG also operates out of three locations in Los Angeles. For purposes of determining venue, "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). California utilizes the minimum contacts test for evaluating personal jurisdiction. Thus, general jurisdiction exists where a party's activities within the state are "substantial" or "continuous and systematic." See, e.g., Sher v. Johnson, 911 F.2d 1357, 1360-61 (9th Cir. 1990). WMG has demonstrated that its contacts with Los Angeles are both substantial and continuous and systematic. Thus, venue is proper over WMG in Los Angeles. As venue is proper both in the transferor and transferee court, the Court will consider the convenience of the parties and witnesses and the interest of justice.

Generally, a plaintiff's choice of forum is given substantial weight, particularly when the plaintiff resides in the chosen forum. Symons Corp. V. Southern Forming & Supply, Inc., 954 F.Supp. 184, 186 (N.D. Ill. 1997). Sitrick is a resident of the state of Illinois and chose the Northern District of Illinois to litigate this matter. The court gives considerable weight to a plaintiff's choice of forum where it is also the plaintiff's home forum. FUL Inc. v. Unified School Dist. No. 204, 839 F.Supp. 1307, 1311 (N.D. Ill. 1993). Nevertheless, a plaintiffs choice "is not absolute and will not defeat a well-founded motion to transfer." Wen Products, Inc. v. Master Leather, Inc., 899 F. Supp. 384, 386 (N.D. Ill. 1995). Iintellectual property suits typically focus on the alleged infringing activities of the defendant, and the employees and documents that evidence these activities. Wen Products, 899 F. Supp. at 386. Thus, the situs of material events

is where the alleged infringing activities took place - Los Angeles and the United Kingdom, not Illinois. Therefore, the fact that the situs of material events is outside of Illinois mitigates the weight given to the plaintiff's choice of his resident forum.

With respect to the convenience of the witnesses, the defendants have collectively identified at least twenty-seven potential witnesses, nineteen of whom are in California. Defendants have also provided declarations which detail the witnesses' knowledge of the alleged infringement of the patents in suit. Sitrick is the only witness located in Illinois. Aside from himself, Sitrick has identified only two other witnesses, David Graber and Michelle Rogers, in his initial disclosures. Graber and Rogers are both identified as being located in the greater Los Angeles area. They are allegedly knowledgeable about communications between Sitrick and defendant DreamWorks regarding one of the patents in suit. Michelle Rogers, however, no longer works for DreamWorks. Hence, even Sitrick's own witnesses are located in Los Angeles and include a third party who will not be subject to the subpoena power of this Court. Courts have recognized that "[t]he convenience of non-party witnesses is often viewed as the most important factor in the transfer analysis." Greene Manufacturing Co. v. Marquette Tool & Die Co., No. 97 C 8857, 1998 U.S. Dist. LEXIS 10656 at *8 (N.D. Ill. Jul. 8, 1998). There are other third party witnesses located in California. These include employees of Media Revolution (who designed and developed the "Make a Movie" feature for the *Spirit* DVD), employees of Interactual (that provided the player interface in order for the features in all of the four DVDS to work with a computer), Intellikey (quality testing of the *Shrek* and *Spirit* DVDs), Laser Pacific Media (compressing and authoring the *Goldmemeber* DVD), Technicolor (manufacturing of the *Shrek* and *Spirit* DVDs), Gratitude International (approval of the "ReVoice Studio" feature for

*Goldmember* DVD), all of whom are located in California. The need for the testimony of these third party witnesses, who undertook the selection, design, development and implementation of the accused features, is clear. Such testimony should not be foreclosed by maintaining this action in Illinois where the witnesses are not subject to compulsory process. Thus, the convenience of the witnesses strongly favors the transfer of this action to California.

The convenience to the parties also favors transfer to California. Sitrick frequently and regularly travels to California and generates substantial revenue from his licensing enterprise in California. The defendants have no material contacts with the state of Illinois. Sitrick is the only witness located in Illinois and there is no indication that he has many documents. On the other hand, the several defendants will be inconvenienced and burdened by litigating in Illinois which will necessitate flying numerous witnesses and documents to Illinois and housing them for the duration of the trial. Thus, transfer of this action will be substantially more convenient for defendants with no counterbalancing inconvenience to Sitrick.

The final factor to be considered is whether transfer will serve the interest of justice. The "interest of justice" component "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." TIG Ins. Co. V. Brightly Galvanized Prods., Inc., 911 F.Supp. 344, 346 (N.D. Ill. 1996). It includes such considerations as (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in their locale; and (4) the relation of the community to the occurrence at issue. Symons Corp. V. Southern Forming & Supply, Inc., 954 F.Supp. 184, 187 (N.D. Ill. 1997). The administration of justice is served more efficiently when

the action is litigated in the forum that is "closer to the action." Paul v. Land's End, Inc., 742 F.Supp. 512, 514 (N.D. Ill. 1990).

According to Case Management Statistics for 2002, parties in the Central District of California are not much better off than parties in the Northern District of Illinois, with respect to how quickly the court will dispose of or try their cases. In the Central District of California, the median time from filing to trial is six months shorter than the Northern District of Illinois. The median time from filing to disposition, however, favors this Court. Thus, it is not markedly more economical to proceed to trial in the Central District of California. Both this Court and the Central District of California are equally capable of hearing and deciding questions of federal patent law. However, the major difference between the Los Angeles Court and this Court is the power to compel attendance and resolve potential discovery disputes arising from the various third party witnesses. Sitrick ignores the point that a substantial number of the third party witnesses are beyond the subpoena power of this Court, but are within the subpoena power of the Los Angeles court. See FUL Inc., 839 F.Supp. at 1311 ("the availability of compulsory process over material witnesses weighs heavily in analysis.")

Finally, with respect to Sitrick's alleged injuries occurring within this state and its citation to Judge Guzman's decision in Sitrick v. Freehand Systems, Inc., denying Freehand's motion to transfer, that case is readily distinguishable. No. 02 C 1568, 2003 WL 1581741 (N.D. Ill. March 27, 2003). In Freehand, Sitrick and the defendants were competitors in a marketplace wherein they both manufactured and sold competing products. Sitrick's claim against Freehand also arose from Freehand's demonstration and offer to sell the competing product in Chicago. Thus, Sitrick's injuries were found to have occurred within this state. None of those facts are present in

this case. Sitrick does not make or sell any product that embodies the patents in suit, and defendants' accused products are sold across all fifty states. Additionally, Sitrick only seeks monetary compensation in the form of a reasonable royalty. Therefore, Illinois' interests in seeing that Sitrick is compensated does not outbalance California's interests in ensuring that any compensation received from its citizens is justified. Accordingly, transfer of this case to California will serve the interests of justice. Thus, the defendants have met their burden of demonstrating that the transferee forum is clearly more convenient.

## Conclusion

For the foregoing reasons, defendants' motion to transfer venue to the Central District of California is GRANTED.

Enter:

David H. Coar
United States District Judge

Dated: May 13, 2003